UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


CECELIA DELLAVECCHIA,

      Plaintiff,

v.                              CASE No. 8:09-CV-2175-T-27TGW

GEICO GENERAL
INSURANCE COMPANY,

      Defendant.

_____


## REPORT AND RECOMMENDATION


This is an action by the plaintiff against her insurance company alleging a bad faith failure to settle an uninsured motorist claim. In its motion, the defendant, GEICO General Insurance Company ("GEICO"), seeks to dismiss the one-count complaint for failing to state a claim for relief (Doc. 3, p. 1). As the plaintiff has alleged sufficient plausible facts to support the claim, I recommend that the defendant's motion to dismiss be denied.

I.

On August 5, 2004, the insured, Cecelia Dellavecchia, was injured in an accident when an uninsured motorist collided with her vehicle (Doc. 2, ¶¶6, 10). She sustained serious injuries in the accident (id., ¶7).

Dellavecchia was covered under an insurance policy with defendant GEICO, which provided her with uninsured motorist benefits in the amount of $50,000 per person and $100,000 per occurrence (id., ¶9).

GEICO was notified of the plaintiff's loss and personal injuries, including "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care or treatment, loss of earnings, and the loss of ability to earn money" (id., ¶¶ 7, 12). Unsatisfied with GEICO's attempt to settle the claim, Dellavecchia filed, as required by statute, a civil remedy notice ("CRN") with the Florida Department of Insurance, alleging that GEICO did not act in good faith (id., ¶15). See Fla. Stat., §624.155(1)(b)(1). Despite the filing of this notice, GEICO, according to the plaintiff, "failed to pay Plaintiff's claim or remedy the circumstances giving rise to the stated violation within 60 days of the notice" (Doc. 2, ¶16). Consequently, Dellavecchia filed a complaint in state court and on November 20, 2008, was awarded her policy limit of $50,000 (id., ¶18). The jury also found her eligible to receive a judgment of $290,288.62, contingent on a

future determination that GEICO acted in bad faith in connection with the policy benefit negotiations (id., ¶19).

Thereafter, Dellavecchia filed a complaint in Pinellas County Circuit Court on October 6, 2009, alleging that GEICO breached its duty to settle her uninsured motorist claim in good faith (Doc. 1). The case was timely removed to this court on October 26, 2009 (Doc. 2). As indicated, the defendant has moved to dismiss the suit (Doc. 3), and the plaintiff has responded (Doc. 5). After the motion was referred to me for a report and recommendation (Doc. 8), a hearing was conducted on the motion.

## II.

A complaint may be dismissed upon motion under Rule 12(b)(6), F.R.Civ.P., for "failure to state a claim upon which relief can be granted." The United States Supreme Court has retired the standard in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," in favor of a stricter pleading standard. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Thus, although a complaint does not need

detailed factual allegations, a formulaic recitation of the elements of a cause

of action will not do. Id. at 555. Rather, factual allegations must be enough

to raise a right to relief above the speculative level, based on the assumption

that the allegations are true (even if doubtful in fact). Id.

The Eleventh Circuit in Watts v. Florida International University,

495 F.3d 1289, 1295-96 (11th Cir. 2007)(citations omitted), summarized the

principles established by Twombly as follows:

> The Supreme Court's most recent formulation of
> the pleading specificity standard is that "stating
> such a claim requires a complaint with enough
> factual matter (taken as true) to suggest" the
> required element. The standard is one of "plausible
> grounds to infer." The Court has instructed us that
> the rule "does not impose a probability requirement
> at the pleading stage," but instead "simply calls for
> enough fact to raise a reasonable expectation that
> discovery will reveal evidence of" the necessary
> element. It is sufficient if the complaint succeeds
> in "identifying facts that are suggestive enough to
> render [the element] plausible."

The Eleventh Circuit made clear that it remains the law that on a Rule

12(b)(6) motion to dismiss the pleadings are construed broadly, and the

allegations in the complaint are viewed in the light most favorable to the

plaintiff. 495 F.3d at 1295.

## III.

In Florida, before filing a bad faith complaint against an insurer, the insured must file a CRN with the Florida Department of Insurance at least sixty days prior to filing the lawsuit. Fla. Stat., §624.155(3)(a). In this respect, the CRN is a condition precedent which provides the insurer written notice of the alleged violation as a "last opportunity for insurers to comply with their claim-handling obligations when a good-faith decision by the insurer would indicate that contractual benefits are owed." Talat Enterprises, Inc. v. Aetna Casualty & Surety Co., 753 So.2d 1278, 1284 (Fla. 2000). GEICO asks this court to dismiss Dellavecchia's complaint on the ground that her CRN was vague and, therefore, did not provide it with adequate notice of its alleged bad faith violation. Fla. Stat., §624.155. That contention is meritless.

Section 624.155(3)(b) of the Florida Statutes outlines the information an insured's CRN must include to satisfy the condition precedent to bringing suit:

> (1) The statutory provision, including the specific language of the statute, which the authorized insurer allegedly violated.

(2) The facts and circumstances giving rise to the violation.

(3) The name of any individual involved in the violation.

(4) Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he will not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

(5) A statement that the notice is given in order to perfect the right to pursue the civil remedy authorized by this section.

In this case, the insured, Dellavecchia, completed a form entitled "Civil Remedy Notice of Insurer Violation" and filed it with the Florida Department of Insurance on January 12, 2006 (Doc. 2, pp. 3, 33). The form identified GEICO as the insurer and named Fran Korkus as the individual involved in the alleged violation of "Unsatisfactory Settlement Offer" (id., p. 33). Dellavecchia wrote that GEICO violated Fla. Stat., §624.155(1)(b)(1), by "[n]ot attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with the due regard for her or his interests"

(id.). Further, Dellavecchia stated that "GEICO has been furnished with medical records and reports which show [she] has suffered herniated cervical discs and a torn right shoulder tendon" (id.). She added that GEICO was offering $5,000 to settle her claim (id.). She alleged that GEICO "is grossly undervaluing [her] claim and cannot justify its lowball offer" (id.).

GEICO's primary argument in its memorandum was that the CRN, to rise to the level of sufficient notice, must demand payment of a specific amount of money adequate to make Dellavecchia whole (Doc. 3, p. 10). At the hearing, GEICO retreated from that contention, apparently in light of decisions from this court holding otherwise. Instead, it argued in vague terms that something more specific should have been set forth in the CRN.

There is nothing in §624.155 which requires the insured to delineate an acceptable settlement offer, or require an insured to indicate the approximate amount owed to her. Accordingly, "a specific cure amount is not necessary to validate a Civil Remedy Notice." Porcelli v. OneBeacon Insurance Company, Inc., 635 F.Supp.2d 1312, 1318 (M.D. Fla. 2008); The Bullard Building Condominium Association, Inc. v. Travelers Property Casualty Company of America, 2009 WL 2423436 at *10 (M.D. Fla. 2009);

see also Tropical Paradise Resorts, LLC v. Clarendon America Insurance Co., 2008 WL 3889577 at *3 (S.D. Fla. 2008) ("Florida's statute does not require an insured to indicate the amount owed").

GEICO's general criticism that the CRN should have been more specific is unpersuasive since it does not articulate any more precise language that should have been employed. Florida law merely requires an insured to describe in the CRN "[t]he facts and circumstances giving rise to the violation." Fla. Stat., §624.155(3)(b)(2). Moreover, the form provides only a small four-line space bearing the instructions "[b]riefly describe the facts and circumstances giving rise to the violation" (Doc. 2, p. 33).

In this case, Dellavecchia's CRN was specific enough to inform GEICO fairly and reasonably of the alleged violation. As indicated, she identified the conduct of GEICO that must be cured by stating that GEICO, by its offer of $5,000, "is grossly undervaluing this claim and cannot justify its lowball offer" (id.). That language is clearly sufficient to inform a reasonable insurance company employee of what the plaintiff thought was deficient in the handling of the claim. Moreover, the form had a section styled "Reason for Notice," and the plaintiff had marked the box labeled

"Unsatisfactory Settlement Offer" (id.). This information clearly advised

GEICO that it could attempt to remedy the alleged violation by engaging in

further settlement discussions with the plaintiff.

IV.

The only challenge raised by GEICO's motion to dismiss is to

the sufficiency of the CRN. For the reasons stated, that challenge fails.

Therefore, I recommend that the defendant's Motion to Dismiss (Doc. 3) be

denied.

Respectfully submitted,

THOMAS G. WILSON
DATED: MARCH *15*, 2010    UNITED STATES MAGISTRATE JUDGE


NOTICE TO PARTIES

Failure to file written objections to the proposed findings and

recommendations contained in this report within fourteen days from the date

of its service shall bar an aggrieved party from attacking the factual findings

on appeal. 28 U.S.C. 636(b)(1).