UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CECELIA DELLAVECCHIA,

    Plaintiff,

vs.                                                    Case No. 8:09-cv-2175-T-27TGW

GEICO GENERAL INSURANCE CO.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Defendant's Motion for Summary Judgment (Dkt. 68) and Plaintiff's Motion for Partial Summary Judgment as to Defendant's First, Fourth, and Fifth Affirmative Defenses (Dkt. 74). Upon consideration of the motions, memoranda, and supporting evidence, Defendant's motion is DENIED and Plaintiff's motion is GRANTED.

### Background

Dellavecchia was injured in an automobile accident with an uninsured motorist. Her insurer, GEICO, refused to tender the limits of its uninsured motorist policy, notwithstanding several demands. Dellavecchia sued GEICO in state court, where she obtained a judgment in the amount of the policy limit, as well as a contingent judgment of nearly $300,000.

She then commenced this first-party bad faith action under Fla. Stat. §§ 624.155 and 627.727(10), alleging that GEICO did not attempt in good faith to settle her uninsured motorist claim. GEICO moved for summary judgment on Dellavecchia's bad faith claim and partial summary judgment as to certain allegations which were not identified in Plaintiff's civil remedy notice. Dellavecchia moved for partial summary judgment on three of GEICO's affirmative defenses.

## Standard

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260.

The Court will not weigh the evidence or make findings of fact. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, "the evidence of the non-movant is to be believed." *Hickson*, 357 F.3d at 1260 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). All factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Id.* In resolving a motion for summary judgment, therefore, "the court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party." *Morrison*, 323 F.3d at 924.

## Discussion

A. **The bad faith claim**

Dellavecchia sues under Fla. Stat. § 624.155(1)(b)1, which provides a cause of action for bad faith where an insurer has "[n]ot attempt[ed] in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for [the insured's] interests." *State Farm Mut. Auto. Ins. Co. v. Laforet*, 658 So. 2d 55, 62 (Fla. 1995) (quoting § 624.155(1)(b)1). Bad faith is determined under "the 'totality of the circumstances' standard." *Berges v. Infinity Ins. Co.*, 896 So. 2d 665, 680 (Fla. 2004) (quoting *Laforet*, 658 So. 2d at 62). Factors to be considered include:

> (1) whether the insurer was able to obtain a reservation of the right to deny coverage if a defense were provided; (2) efforts or measures taken by the insurer to resolve the coverage dispute promptly or in such a way as to limit any potential prejudice to the insureds; (3) the substance of the coverage dispute or the weight of legal authority on the coverage issue; (4) the insurer's diligence and thoroughness in investigating the facts specifically pertinent to coverage; and (5) efforts made by the insurer to settle the liability claim in the face of the coverage dispute.

*Laforet*, 658 So. 2d at 63 (citing *Robinson v. State Farm Fire & Cas. Co.*, 583 So. 2d 1063, 1068 (Fla. 5th DCA 1991)). "Each case is determined on its own facts and ordinarily '[t]he question of failure to act in good faith with due regard for the interests of the insured is for the jury.'" *Berges*, 896 So. 2d at 680 (quotation omitted); *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1275 (Fla. 2000) ("Good-faith or bad-faith decisions depend upon various attendant circumstances and usually are issues of fact to be determined by a fact-finder.").

This is not one of the rare bad faith cases that can be resolved on summary judgment. There are disputed facts concerning whether GEICO used appropriate efforts or measures to resolve the coverage dispute promptly or in such a way as to limit any potential prejudice to Dellavecchia, whether GEICO was diligent and thorough in investigating the facts specifically pertinent to coverage, and whether GEICO used appropriate efforts to settle the liability claim in the face of the coverage dispute. *See Laforet*, 658 So. 2d at 63. Accordingly, whether GEICO's actions constituted bad faith is a question for the jury. *See John J. Jerue Truck Broker, Inc. v. Ins. Co. of N. Am.*, 646 So. 2d 780, 783 (Fla. 2d DCA 1994) ("When there are disputed issues of material fact relating to these circumstances, then the court must submit the claim to the jury for resolution.").

**B.    The civil remedy notice**

GEICO seeks partial summary judgment "with regard to any allegations involving violations of Fla. Stat. § 624.155(1)(a)(1) and/or Fla. Stat. § 626.9541(1)(i)(3)," because Dellavecchia's civil remedy notice did not identify any claims under these statutes. (Dkt. 68 at 22). Dellavecchia's action,

3

however, involves a single claim for violation of a different statute, § 624.155(1)(b)1, which provides a cause of action for "[n]ot attempting in good faith to settle claims . . . ." She alleges that GEICO breached "this duty" of good faith by, among other things:

> (b) failing to adopt and implement standards for the proper investigation of claims;
>
> (c) failing to acknowledge and act promptly upon communications with respect to claims;
>
> (d) failing to properly notify its insured of any additional information necessary for the processing of the claim;
>
> (e) failing to clearly explain the nature of information eventually requested and the reasons why such information was necessary;
>
> (f) failing to provide a reasonable written explanation of the basis in the insurance policy, in relation to the facts or applicable law, for its wholly inadequate offer of settlement; [and]
>
> (g) failing to properly train adjusters and claims personnel[.]

(Compl. ¶ 14).

GEICO is correct that some of these allegations may be used to support a separate cause of action under § 624.155(1)(a)1 for violations of the "[u]nfair claim settlement practices" described in § 626.9541(1)(i)(3). But Dellavecchia is not pursuing an independent cause of action for these violations. She simply argues that these facts constitute evidence to be considered in evaluating whether, under the totality of the circumstances, GEICO acted in bad faith. (Dkt. 74 at 11-14). *See Kearney v. Auto-Owners Ins. Co.*, No. 8:06-cv-00595-T-24TGW, 2010 WL 1507067, at *3 (M.D. Fla. April 14, 2010) (noting unfair claim settlement practices identified in § 626.9541(1)(i)(3) are often the "key ingredients" of bad faith); *Nowak v. Lexington Ins. Co.*, 464 F. Supp. 2d 1248, 1252 (S.D. Fla. 2006) ("[T]he evidence of violations of § 626.9541(1)(i), including Defendant's failure to adopt and implement standards, may be a way to show that Defendant did not, in good faith,

attempt to settle the lawsuit, in violation of § 624.155(1)(b) . . . ."). Accordingly, she was not required to identify violations of § 626.9541(1)(i)(3) in her civil remedy notice.

The purpose of the notice requirement "is to give the insurer one last chance to settle a claim with its insured and avoid unnecessary bad faith litigation . . . ." *Lane v. Westfield Ins. Co.*, 862 So. 2d 774, 779 (Fla. 5th DCA 2003). To that end, the statute allows an insurer a period to "cure" the alleged violation. *Talat Enters., Inc. v. Aetna Cas. & Sur. Co.*, 753 So. 2d 1278, 1282-83 (Fla. 2000).

GEICO argues that Dellavecchia's notice was insufficient to allow a 'cure' of the alleged bad faith violation and, specifically, the allegations in paragraph 14 of the complaint. But the allegations in paragraph 14 are not the 'violation' on which Dellavecchia's claim is premised. This is a first-party action for violation of § 624.155(1)(b)1's requirement to attempt in good faith to settle a claim, not an independent action for violation of § 626.9541(1)(i). Further, "[t]he cure in a first party insurance claim is payment of the contractual amount due the insured." *Galante v. USAA Cas. Ins. Co.*, 895 So. 2d 1189, 1191 (Fla. 4th DCA 2005); *Talat*, 753 So. 2d at 1283. Addressing the allegations in paragraph 14 would not suffice to cure the wrongful failure to settle the claim. Dellavecchia properly provided notice that GEICO wrongfully failed to pay her claim. The 'cure' was payment.

The question that remains is whether the civil remedy notice statute can be used to restrict Dellavecchia from relying on the allegations in paragraph 14 as part of the 'totality of the circumstances' comprising the alleged bad faith. Dellavecchia persuasively argues that these allegations relate to the factors which must be considered under *Laforet* in determining bad faith under the 'totality of the circumstances.' *See Laforet*, 658 So. 2d at 63.[1] Notwithstanding, GEICO

---

[1] The "fail[ure] to adopt and implement standards for the proper investigation of claims," "the fail[ure] to clearly explain the nature of information eventually requested and the reasons why such information was necessary," and the "fail[ure] to properly train adjusters and claims personnel" relate to the "insurer's diligence and thoroughness in investigating the facts specifically pertinent to coverage." *Compare* Compl. ¶¶ 14(b), (e), (g), *with Laforet*, 658 So. 2d at 63. Similarly, the "fail[ure] to acknowledge and act promptly upon communications with respect to claims" and the "fail[ure] to properly notify its insured of any additional information necessary for the processing of the claim" relate to the "efforts or measures taken by the insurer to resolve the coverage dispute promptly or in such a way as to limit any

argues that Dellavecchia's civil remedy notice had to identify all allegations or evidence supporting her contention that the insurer did not attempt in good faith to settle her claim. GEICO cites no authority for this proposition, and its argument in this regard is unpersuasive.

The statute simply requires the notice to "state with specificity . . . [t]he statutory provision . . . which the authorized insurer allegedly violated" and "[t]he facts and circumstances giving rise to the violation." § 624.155(3)(b). The notice must be "on a form provided by the department." *Id*. That form contains a small four-line space in which the insured is instructed to "[b]riefly describe the facts and circumstances giving rise to the violation." (Dkt. 74-1). Because of this, courts have held that "an insured is not required to incorporate every allegation from its complaint into its civil remedy notice under § 624.155(3)(b) . . . ." *Mayfair House Ass'n, Inc. v. QBE Ins. Corp.*, No. 09-80359-CIV, 2009 WL 2132704, at *3 (S.D. Fla. July 14, 2009); *Tropical Paradise Resorts LLC v. Clarendon Am. Ins. Co.*, No. 08-60254-CIV, 2008 WL 3889577, at *4 (S.D. Fla. Aug. 20, 2008).

Dellavecchia's civil remedy notice properly identified and quoted § 624.155(1)(b)1. (Dkt. 74-1). She briefly described the facts and circumstances giving rise to the violation:

> GEICO has been furnished with medical records and reports which show Dellavecchia has suffered herniated cervical discs and a torn right shoulder tendon. GEICO offered $5,000.00. GEICO is grossly undervaluing this claim and cannot justify its lowball offer.

(*Id.*). Her notice clearly alleges that GEICO wrongfully failed to pay her claim, which is the very basis of her bad faith claim in this action. Dellavecchia's notice complied with the statute, notwithstanding the failure to list all allegations in her complaint or all supporting evidence. Accordingly, Dellavecchia is not precluded from relying on the allegations in paragraph 14 as part

---

potential prejudice to the insureds." *Compare* Compl. ¶¶ 14(c), (d), *with Laforet*, 658 So. 2d at 63; *see also Kearney*, 2010 WL 1507067, at *3 n.8. And the "fail[ure] to provide a reasonable written explanation of the basis in the insurance policy, in relation to the facts or applicable law, for its wholly inadequate offer of settlement" relates to the "efforts made by the insurer to settle the liability claim in the face of the coverage dispute." *Compare* Compl. ¶ 14(f), *with Laforet*, 658 So. 2d at 63.

of the totality of the circumstances under which bad faith is to be determined. *See Laforet*, 658 So. 2d at 62-63.

C.  **GEICO's affirmative defenses**

Dellavecchia moves for partial summary judgment on GEICO's first affirmative defense of failure to state a cause of action regarding any duties outside the contract, its fourth affirmative defense of failure to fulfill all conditions precedent, and its fifth affirmative defense of failure to state a claim upon which relief can be granted. As GEICO explained in its response, each of these defenses is premised on Dellavecchia's failure to include the allegations in paragraph 14 of the complaint in her civil remedy notice. But Dellavecchia is not asserting a claim for violations of § 626.9541(1)(i)(3). And the allegations in paragraph 14 relate to several factors which should be considered in determining bad faith under the 'totality of the circumstances.' *See Laforet*, 658 So. 2d at 62-63. As discussed, Dellavecchia was not required to include all of those allegations and all supporting evidence in her civil remedy notice. She is therefore entitled to partial summary judgment on GEICO's first, fourth, and fifth affirmative defenses.

## Conclusion

Accordingly, Defendant's Motion for Summary Judgment (Dkt. 68) is DENIED. Plaintiff's Motion for Partial Summary Judgment as to Defendant's First, Fourth, and Fifth Affirmative Defenses (Dkt. 74) is GRANTED.

**DONE AND ORDERED** this 6th day of January 2011.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to:  Counsel of Record